**In re OLD NAPLES SECURITIES, INC.**

**Theodore H. Focht, Trustee, and Securities Investor Protection Corporation, Appellants,**

v.

**Kevin Heebner, Ellen C. Brown and Merritt W. Brown, III, Appellees.**

No. 98–1661–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

Feb. 10, 1999.

Stephen P. Harbeck, Securities Investor Protection Corporation, William Seckinger, Securities & Exchange, Commission, Washington, DC, for Securities Investor Protection Corp.

Theodore H. Focht, trustee.

Kenneth Rodney May, Donald A. Workman, Foley & Lardner, Tampa, FL, for Trustee.

William Thornton, Jr., Law Office of William Thornton, Jr., Reading, PA, for Kevin Keebner.

Michael Deschler, Law Office of Michael Deschler, Bethlehem, PA, for Eileen C. Brown.

Jeffrey William Leasure, Leasure, Gargano, Marchewka & Heidkamp, Fort Myers, FL, for Merritt W. Brown, III.

ELIZABETH A. KOVACHEVICH, District Judge.

### ORDER ON APPEAL

This cause comes before the Court on appeal from the Order on Objections to Trustee's Determination of Claims entered March 16, 1998, by Chief Bankruptcy Judge Alexander L. Paskay.

### ISSUES:

I. Whether it was clearly erroneous for the Bankruptcy Court to find that Kevin Heebner and Eileen C. Brown had entrusted money to the Debtor [Old Naples Securities] for the purpose of purchasing securities.

II. Whether it was clearly erroneous for the Bankruptcy Court to find that the securities transactions contained the usual fiduciary relationship between a broker and his/her client and not merely the characteristics of a debtor-creditor relationship.

III. Whether, based on the findings that Kevin Heebner, Eileen C. Brown, and Merritt W. Brown had entrusted money to Old Naples Securities for the purpose of purchasing bonds, the Bankruptcy Court erred, as a matter of law, in concluding that the Claimants satisfied the "customer" status requirements of the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. § 78$lll$(2)(1994).

### STANDARD OF REVIEW

The applicable standard of appellate review is that findings of fact shall not be set aside unless clearly erroneous. *Griffin v. Missouri Pac. Ry. Co.*, 413 F.2d 9 (5th Cir. 1969); Bankr.Rule 8013. Due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses." Bankr.Rule 8013. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Government Securities Corp.*, 107 B.R. 1012, 1013 (S.D.Fla.1989).

### FACTS

The Securities Investor Protection Corporation (SIPC) filed an application for a protective decree in the United States District Court for the Middle District of Florida. On August 28, 1996, the District Court entered an order finding that the customers of Old

Naples Securities, Inc. ("Debtor") were in need of protection afforded by a liquidation proceeding under SIPA. *Securities Exch. Comm'n v. Old Naples Sec., Inc.,* Case No. 96–304–CIV–FTM–17(D). Theodore F. Focht was subsequently appointed as Trustee ("Trustee") for the liquidation of the Debtor and the case was removed to the Bankruptcy Court, pursuant to Section 5(b)(4) of SIPA, 15 U.S.C. § 78eee(b)(4).

In due course, Kevin Heebner, Eileen C. Brown, and Merritt W. Brown, III ("Claimants") filed "customer claims" seeking protection under SIPA. On May 30, 1997, the Trustee filed his Notice of Trustee's Determination of Claim determining that each claim was not a "customer claim" covered under SIPA because the Claimants (1) did not deliver funds to the Debtor, (2)for the purpose of purchasing securities.

Claimants each filed timely objections to the Trustee's Determinations and on Dec. 9, 1997, the Bankruptcy Court conducted an evidentiary hearing. On March 16, 1998, the Honorable Alexander Paskay, Chief Judge of the Bankruptcy Court for the Middle District of Florida, made findings of fact and conclusions of law rejecting Trustees initial determinations and concluded that the Claimants claims were "customer claims" entitled to protection under SIPA. In relevant part, the judge made the following findings of fact:

1. That Schafer was both Claimants' broker and an agent of the Debtor; therefore, Claimants had no reason to know that they were not dealing with the Debtor. *In re Old Naples Securities, Inc.,* 218 B.R. 981, 986 (Bankr.M.D.Fla.1998).

2. "[T]hat the Claimants dealings with the Debtor and/or Old Naples Financial should be viewed as dealings with the Debtor for purposes of these claims." *Old Naples,* 218 B.R. at 986.

3. That the Claimants wired funds to the Debtor for the purpose of purchasing bonds of some sort thereby entrusting money to the Debtor for the purpose of purchasing securities. *Old Naples,* 218 B.R. at 986.

4. That there were no intentions by the Claimants to loan these monies to the principal of the Debtor and Old Naples Securi-

ties', Zimmerman. *Old Naples,* 218 B.R. at 986.

5. That the Claimants were public customers attempting to invest through the Debtor thereby creating the usual fiduciary relationship between a broker and his public customer. *Old Naples,* 218 B.R. at 986.

In the conclusions of law contained in said order, the Bankruptcy Judge found that:

Claimants, having entrusted money to the Debtor for the purpose of purchasing securities, warrants the finding that the claims are "customer claims" entitled to protection under SIPA. *Old Naples,* 218 B.R. at 986.

Based thereon, the judge concluded that the Objections to the Trustee's Determinations of Claims should be sustained and the claims should be allowed as "customer claims."

### DISCUSSION:

The Bankruptcy Court relied on 15 U.S.C. § 78*lll*(2) in finding that the claims should be allowed as "customer claims" entitled to protection under SIPA. In relevant part SIPA defines a "customer" of a debtor as:

[A]ny person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such persons for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, but does not include . . .

(B) any person to the extent that such person has a claim for cash or securities which by contract, agreement, or understanding, or operation of law, is part of the capital of the debtor, or is subordinated to the claims of any or all creditors of the

debtor, notwithstanding that some ground exists for declaring such contract, agreement, or understanding void or voidable in a suit between the claimant and the debtor.

15 U.S.C. § 78lll(2).

■ In order to have a "customer claim" under SIPA, the Claimants must establish that they entrusted money to the Debtor for the purpose of purchasing securities. Appellants argue that Kevin Heebner and Eileen C. Brown did not wire money to the Debtor, but wired money to Old Naples Financial Services, a firm that was neither a registered broker-dealer nor an SIPC member. For this reason, Appellants contend that the Claimants should not be entitled to "customer status" under SIPA.

However, based on the fact that Schafer was both an agent of the Debtor and the Claimant's broker, the Bankruptcy Court found that it was reasonable for the Claimants to believe that the Debtor and Old Naples Financial Services were one and the same. In fact, the Debtor and Old Naples Financial Services had the same principal, Zimmerman. Thus, the Bankruptcy Court found specifically that the "Claimants' dealings should be viewed as dealings with the Debtor for purpose of these claims."

■ Furthermore, to obtain "customer" status under SIPA, the securities transaction must contain "the indicia of the usual fiduciary relationship between a broker and its public customer" and not merely the characteristics of a debtor-creditor relationship. In re ESM Gov't Sec., Inc., 812 F.2d 1374, 1376 (11th Cir.1987). The lower court held that although a loan typically includes a promise to pay a fixed interest rate and a guaranteed return of principal, these are also characteristics of certain types of bonds.

Contrary to the appellants arguments, the Bankruptcy Court found that there were no intentions by the Claimants to loan monies to the Debtor. Although there was no evidence that the funds were to be used to purchase any identifiable securities, that court found that the Claimants wired the funds for the purpose of purchasing "discount bonds of some sort," which are securities. Following this factual determination, the Bankruptcy Court found further that the Claimants had entrusted money to the Debtor for the purpose of investing in securities thereby creating a fiduciary relationship between the broker (Schafer) and the Claimants.

The Bankruptcy Court's factual findings satisfy all requirements necessary to obtain "customer" status under SIPA. These "findings of fact, whether based on oral or documentary evidence, should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." In re Government Securities Corp., 107 B.R. 1012, 1013 (S.D.Fla.1989); Bankr.Rule 8013.

■ The burden is squarely on the appellant to demonstrate to the appellate court that the a particular finding of fact is clearly erroneous. Griffin v. Missouri Pac. Ry. Co., 413 F.2d 9 (5th Cir.1969). Reversal of a factual finding is proper only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Inter-Cities Navigation Corp. v. United States, 608 F.2d 1079, 1082 (5th Cir.1979); Matter of Multiponics, Inc., 622 F.2d 709, at 713.

■ This Court has reviewed the briefs and cited law on this question and has determined that the Bankruptcy Court's findings of fact were supported by the entire weight of the evidence and were not clearly erroneous. Furthermore, the Appellants have failed to establish that the Bankruptcy Court's findings of fact are clearly erroneous. Therefore, the Bankruptcy Court did not err, as a matter of law, in concluding that the Claimants were entitled to "customer" status and protection under SIPA. Thus, this Court concludes that the Bankruptcy Court's order of March 16, 1998, should be affirmed. Accordingly, it is

**ORDERED** that the Order on Objections to Trustee's Determination of Claims entered March 16, 1998, by Judge Paskay be **affirmed.** The Clerk of the Court is **directed**

to enter judgment for Appellees in accordance with this order.